Cristina Perez Hesano (#027023)
**PEREZ LAW GROUP, PLLC**
7508 N. 59th Avenue
Glendale, Arizona 85301
Phone: (602) 730-7100
Fax: (602) 794-6956
cperez@perezlawgroup.com

*Attorneys for Plaintiffs and Proposed Class*
*(Additional Counsel listed below)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Brian Hazlett, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Cardiovascular Consultants, Ltd,<br><br>Defendant. | **Case No. 2:23-cv-02567-DJH**<br><br>Date Filed: December 11, 2023 |
| Dode Hammock, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Cardiovascular Consultants, Ltd,<br><br>Defendant. | **Case No. 2:23-cv-02579-SPL**<br><br>Date Filed: December 11, 2023 |
| Peter Fiorentino, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Cardiovascular Consultants, Ltd,<br><br>Defendant. | **Case No. 2:24-cv-00015-DJH**<br><br>Date Filed: January 3, 2024 |

| | |
|---|---|
| John Gatchell, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Cardiovascular Consultants, Ltd,<br><br>Defendant. | Case No. 2:24-cv-00113-SMM<br><br>Date Filed: January 17, 2024<br><br>**PLAINTIFFS' MOTION TO CONSOLIDATE** |

Pursuant to Federal Rule of Procedure 42, Plaintiff Brian Hazlett (the "Moving Plaintiff"), and the Plaintiffs in three related cases, *Hammock v. Cardiovascular Consultants Ltd.,* Case No.: 2:23-cv-02579 ("*Hammock*"), *Fiorentino v, Cardiovascular Consultants Ltd.,* Case No.: 2:24-cv-00015 ("*Fiorentino*"), and *Gatchell v. Cardiovascular Consultants* Ltd., Case No.: 2:24-cv-00113 ("*Gatchell*") with common questions of facts and law that are currently pending before this Court (collectively, the "Related Actions"), respectfully request that the Court consolidate the *Hammock, Fiorentino* and *Gatchell* actions into the first-filed action, *Hazlett v. Cardiovascular Consultants Ltd.*, Case No.: 2:23-cv-02567 ("*Hazlett*") (together the *Hazlett*, *Hammock*, *Fiorentino*, *and Gatchell* actions are referred to as the "Related Actions").

**I.     PROCEDURAL BACKGROUND**

On December 11, 2023, the Moving Plaintiff filed a class action complaint against Cardiovascular Consultants Ltd. ("CVC") alleging various claims arising from a data breach that occurred on CVC's systems and was discovered on September 29, 2023 (the "Data Breach"). *Hazlett*, Doc. 1, ¶¶ 1-21. Later that same day, on December 11, 2023, Plaintiff Hammock filed a class action complaint against CVC arising from the same Data Breach and alleging similar claims as the *Hazlett* suit. *Hammock*, Doc. 1. On January 3, 2024, Plaintiff

Fiorentino filed a third related class action complaint against CVC arising out of the same Data Breach and alleging similar claims as *Hazlett* and *Hammock*. *Fiorentino*, Doc. 1. And on January 17th, 2024, Plaintiff Gatchell filed a fourth related class action complaint arising from the same Data Breach. *Gatchell*, Doc. 1.

Plaintiff *Hazlett* perfected service on defendant Cardiovascular Consultants, Ltd. ("CVC") on December 14th, 2023. Defendant has not made a formal appearance; however, since perfecting service, counsel for Plaintiff *Hazlett* has conferred with defendant's in-house counsel and agreed to provide CVC an extension to answer until March, 15, 2024. Notwithstanding, CVS's counsel did not respond to a request to review and consent to this Motion. In an attempt to add efficiency to this process and avoid additional delay, the Related Actions collectively move for consolidation under Rule 42 and L.R. Civ. 42.1. A proposed order is submitted for the Court's consideration.

## II.   LEGAL STANDARD

Consolidation of actions in federal court is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Additionally, L.R. Civ. 42.1 provides that motions for consolidation may be filed in the lowest numbered action.

The Court has "broad discretion" to determine whether to consolidate cases in this district and must weigh the saving of time and effort consolidation would produce against any

inconvenience, delay, or expense that it would cause." *Caron v. Caesars Ent. Corp.*, No. CV-19-05922-PHX-MTL, 2020 WL 1323105, at *2 (D. Ariz. Mar. 20, 2020) (citations omitted).

### III. THE RELATED ACTIONS MAKE COMMON LEGAL AND FACTUAL ALLEGATIONS

Each of the Related Actions arise from the same Data Breach and advance the same or similar theories of liability, among other various claims, including the following causes of action: (i) negligence, (ii) breach of implied contract; (iii) breach of fiduciary duty; (iv) invasion of privacy; (v) unjust enrichment; and (vi) declaratory and injunctive relief. Moreover, each Related Action seeks Class Action certification. To the extent the Court permits consolidation, Plaintiffs will work together to submit one consolidated class action complaint on behalf of the Plaintiffs and the putative Class.

### IV. THE RELATED ACTIONS SHOULD BE CONSOLIDATED TO REDUCE COSTS AND DELAY

Here, each case is in its infancy. Plaintiffs in the Related Actions agree that consolidation of their claims into one action for both pre-trial proceedings and trial is not only appropriate, but necessary to avoid duplicative efforts and potentially conflicting rulings. To allow these cases to proceed as separate matters would waste judicial resources as the cases are currently pending before three different judges --Judge Humetewa has two of the four cases assigned, including the *Hazlett* case.

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary drain on judicial resources. To be sure, data breach cases are routinely consolidated in federal courts around the country. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*,

where the court granted a motion to consolidate various class complaints in a cyberattack and data breach case:

> Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id.* On this point, the Court notes that all of the named Defendants in the thirteen related cases are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), report and recommendation adopted, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016); *see also Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-MTL, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020) (consolidating data breach cases).

Consolidation and reassignment will streamline the four Related Actions, promoting judicial economy and efficiency. Moreover, consolidation imposes no prejudice on Defendant as it will allow for a coordinated.

V.   **FUTURE-FILED RELATED CASES SHOULD BE CONSOLIDATED**

To ensure continued judicial efficiency, Plaintiffs respectfully request that the Court order any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated in a master action: *In re Cardiovascular Consultants, Ltd. Data Breach Litig.*, Case No.: 2:23-cv-02567. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case.").

V.   **CONCLUSION**

Accordingly, the Moving Plaintiff requests that the Court enter an order consolidating the Related Actions in the first-filed case: *Hazlett*, under the master case caption *In re Cardiovascular Consultants, Ltd. Data Breach Litig.*, Case No.: 2:23-cv-02567, and that all future filed related actions filed in or transferred to this district be consolidated in this master case as well.

Dated: January 29, 2024.

                                              Respectfully Submitted,

                                              */s/ Cristina Perez Hesano*
                                              Cristina Perez Hesano (#027023)
                                              cperez@perezlawgroup.com
                                              PEREZ LAW GROUP, PLLC
                                              7508 N. 59th Avenue

Glendale, AZ 85301
Telephone: 602.730.7100
Fax: 623.235.6173

Joseph M. Lyon*
Kevin M. Cox*
**THE LYON FIRM**
2754 Erie Ave.
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
Email: *jlyon@thelyonfirm.com*
Email: *kcox@thelyonfirm.com*

Terence R. Coates*
Jonathan T. Deters*
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Telephone: 513.651.3700
Fax: 513.665.0219
*tcoates@msdlegal.com*
*jdeters@msdlegal.com*

Samuel J. Strauss*
Raina Borrelli*
Brittany Resch*
**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com
brittanyr@turkestrauss.com

James J. Pizzirusso
(D. Md. Bar No. 20817)
**HAUSFELD LLP**
888 16th Street N.W., Suite 300
Washington, D.C. 20006
T: 202.540.7200
jpizzirusso@hausfeld.com

Steven M. Nathan (D. Md. Bar No. 30618)
Ashley M. Crooks*
**HAUSFELD LLP**
33 Whitehall Street 14th Floor
New York, New York 10004
T: 646.357.1100
snathan@hausfeld.com
acrooks@hausfeld.com

/s/ Hart L. Robinovitch
Hart L. Robinovitch (AZ #020910)
ZIMMERMAN REED LLP
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: (480) 348-6400
hart.robinovitch@zimmreed.com

Brian C. Gudmundson*
ZIMMERMAN REED LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
brian.gudmundson@zimmreed.com

James J. Pizzirusso*
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201
jpizzirusso@hausfeld.com

Steven M. Nathan*
HAUSFELD LLP
33 Whitehall Street, Fourteenth Floor
New York, NY 10004
Telephone: (646) 357-1100
Facsimile: (212) 202-4322
snathan@hausfeld.com

Gary F. Lynch*
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
gary@lcllp.com

***Counsel for the Plaintiffs and the Proposed Class***
*\* pro hac vice forthcoming*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list.

Date: January 29, 2024                    Respectfully Submitted,

/s/ Cristina Perez Hesano
Cristina Perez Hesano (#027023)
**PEREZ LAW GROUP, PLLC**
7508 N. 59th Avenue
Glendale, AZ 85301
Telephone: 602.730.7100
Fax: 623.235.6173
cperez@perezlawgroup.com

Joseph M. Lyon, *Pro Hac Vice*
Kevin M. Cox, *Pro Hac Vice*
**THE LYON FIRM**
2754 Erie Ave.
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
Email: *jlyon@thelyonfirm.com*
Email: *kcox@thelyonfirm.com*

**Counsel for Plaintiff and Putative Class**